White, J.
Both parties are creditors of Ellis & Sturges, bankers, at Cincinnati, who suspended payment in November 1854, and, after an effort to resume, failed and dissolved their partnership in October 1856, when Ellis went to Chicago, leaving Sturges in the possession and control of the assets.
At the time of their failure, Ellis & Sturges were indebted to the plaintiffs in error, Miller & Co., on deposit account, in the sum of twenty-one hundred dollars. On the 22d of November 1856, Miller & Co. received from Sturges the note of Pickett, McMurdo & Co., on account of said indebtedness, and gave to him the instrument sued upon. The following is a copy:'
“ Cincinnati, Ohio, November 22,1856.
“ Received of W. Sturges, note of Pickett, McMurdo & Co. for nineteen hundred and seventeen dollars and sixty cents ($1917.60), dated New Orleans, February 1,1855, and payable nine months from date, and when same is collected we are to credit Ellis & Sturges with five hundred dollars, and pay over balance to W. Sturges in cash. Miller & Co.
In April 1859, Florer, the defendant in error, having a claim of $2050 against Ellis & Sturges for moneys deposited, and also a claim against Sturges for $629.75 cash advanced to assist him in his effort at liquidation, applied to Sturges, then living at Chicago, for payment, and received from him the obligation of Miller & Co., above set forth, indorsed by Sturges as follows : “ Messrs. Miller & Co., please pay over to N. M. *150 Elorer, the balance of the within, after reserving the five hun> dred dollars mentioned therein.
W. Sturges.”
On presentation and demand by Elorer, payment of this order was refused.
Elorer, the plaintiff below, alleging the collection of the note of Pickett, McMurdo & Co., by Miller & Co., sought by his petition, filed in the superior court of Cincinnati, to recover from them this balance. In their defense, Miller & Co. sought to retain, by way of setoff, the balance of this claim against Ellis & Sturges; and, to this end, filed a number of answers, setting up the various grounds upon which they claim the right to make the setoff, which were traversed by replies.
Upon the trial of the issues before a jury the deposition of Ellis was read. He testified, in regard to the ownership of the Pickett, McMurdo & Co. note, as follows : “ The said note was the property of the firm of Ellis & Sturges, and always continued so, and wras never the property of Sturges individually; although, at the time I left Cincinnati, the settlement of all unadjusted business, and the control of the remaining assets, were left with said Sturges to be appropriated, as heretofore, to the adjustment of claims against the firm of Ellis & Sturges only.” This evidence was uncontradicted.
The defendants also gave evidence tending to prove an agreement, set up in their answers, and alleged to have been entered into between them and Sturges, on or about the first of August 1856. By this agreement, it was averred, that Sturges, in consideration of the indebtedness of Ellis & Sturges to the defendants, agreed with the latter to pay them, one thousand dollars toward said indebtedness, the ensuing fall, to allow them five hundred dollars from the proceeds of the Pickett, McMurdo & Co. note, when collected, and to pay them the balance due from Ellis & Sturges, on or before the following March. That the defendants, on their part, agreed to receive said several sums so promised, in payment of their said indebtedness. The existence of this agieement *151 was controverted, but, if found to have been made, its breach, prior to the transfer of the instrument sued upon to the plaintiff, was admitted.
The effect of the charge of the court was to exclude the evidence referred to, from the consideration of the jury.
The defendants requested several instructions to be given to the jury, based upon the hypothesis, that the facts should be found to be as they claimed. These were refused, and, upon this point, the court charged as follows: “ That the plaintiff, Elorer, stood in no better position in this suit than ■would Sturges, if he were plaintiff; that the instrument sued on, was an agreement between the defendants and Sturges, which bound them, when the note mentioned therein was collected, after crediting five hundred dollars to Ellis & Sturges, to pay the balance to him; that if the note of Pickett, McMurdo & Co. was, at the time said instrument was executed by Miller & Co., or at the time that Sturges transferred the same to the plaintiff, the property of Ellis & Sturges, the defendants could not set up the amount due them from Ellis & Sturges as a setoff to the claim of the plaintiff, nor could they set it up as a setoff if Sturges made the agreement with the defendants, acting for Ellis & Sturges.”
In this charge, we think, the court erred. It does not follow from the fact that the instrument imports an agreement between the defendants and Sturges, whereby they were bound to account to him for the balance mentioned, that the former wore precluded from showing 'that Ellis & Sturges, were the beneficial owners of this balance, and, that the promise was made for their benefit. Ordinarily, and in the absence of circumstances from which equity would imply an estoppel against them, the defendants would have had the right, had Sturges been plaintiff, to have shown these facts, in order to make their claim against Ellis & Sturges available as a setoff.
The defendant’s right of setoff does not depend on the selection his adversary may make of a plaintiff. When a promise is made to one for the benefit of another, he for whose benefit it is made may bring an action for its breach, either in his *152 own name, or in the name of the party to whom made. Civil Code, sections 25, 27. The party in interest, and not merely the party of record, is the one against whom the setoff should be made. And, under our code especially, we think the true rule is, to allow defendants the right to set off claims, properly the subject of setoff, against those persons who are the equitable owners of the demand in suit, without regard to the nominal parties to the record.
The competency of the evidence introduced, and before referred to, is questioned, in argument, upon two grounds : first, because it tends to vary or contradict the instrument sued on; secondly, because the defendants below were estopped from showing the facts which it tended to prove.
As to the first. The only obligations created by the instrumet referred to, are such as Miller & Co. undertook to perform. When the note received should be collected they were to credit Ellis <fc Sturges with five hundred dollars and pay over the balance to W. Sturges in cash. It does not undertake to disclose the nature, nor amount, of the indebtedness of Ellis & Sturges to Miller & Co. It does not create any such indebtedness, nor fix the time of payment for such as may then exist. The nature of the liabilities of Ellis & Sturges, and of Sturges, were left the same, after the making of the instrument as before. We learn from the extrinsic evidence that Ellis & Sturges were then indebted to Miller & Co. in twenty-one hundred dollars. The proceeds of the note, when collected, were to pay five hundred of it, and, would thus be a partial performance of the alleged agreement; but, when, or in what manner the remaining sixteen hundred were to be paid is not' provided for by the paper in question. The evidence, introduced by the plaintiffs in error, tended to show how, and when, this last sum was to be paid. It can not be said- to have been inadmissible on the grounds of the first objection, for it relates to a subject-matter upon which the writing is silent.
The agreement which the defendants below sought to prove, did not vary or deny the instrument sued on. They merely *153 sought to discharge their liability by applying a cross demand to its payment.
But the validity of the parol agreement, alleged to have been made between Sturges and Miller & Co., is questioned by the defendant in error, while the counsel for the plaintiffs in error seems to claim that it is binding, both as a separate liability of Sturges and as a joint liability of the firm.
If the agreement was in fact made, we see no reason why it is not valid. The extension of time would be a sufficient consideration for the new promise. We suppose it to be within the scope of the powers of Sturges charged with, or at least assuming, the settlement of the business of the copartnership.
Under the supposed agreement the extension would equally enure to the benefit of Ellis, and his liability would continue.
As to the second ground of objection. — The defendants below could not set off the joint liability of Ellis & Sturges against a separate demand of Sturges upon them. Prima facie this is the character of the respective claims in this case. If, however, it were shown, aliunde, that the obligation, though in the name of Sturges alone, was in fact for the benefit of Ellis & Sturges, it would not be the case of a separate demand on the one side, and a joint one on the other. The equitable right in the claim against the defendants below, would be in the same persons who were bound to pay the former their demand. The debts would be reciprocal. And if this were all, no good reason would appear why one claim should not be applied to compensate the other.
But if, in the attempt to establish this right of setoff, a state of facts should be made to appear, which would require the party to be estopped from showing that the interests and rights of the parties were otherwise than they appeared from the instrument sued on, the estoppel would prevent the right from being made available. Such an estoppel is claimed to arise in this case; and, that the setoff would not be available, admitting the Pickett, McMurdo & Co. note to be the property *154 of Ellis & Sturges, and that the contract sued upon had been in their name instead of that of Sturges alone.
Without inquiring how this might be, independent of th6 agreement which Miller & Co. sought to prove, it is certainly not tenable if such agreement and its breach were established.
The same principles of equity, which would estop Miller & Co. from setting up their antecedent demand, as a setoff to the promise sued on, would likewise forbid that Ellis & Sturges, or Sturges, should be allowed to insist upon such estoppel, for the purpose of preventing the use of the new agreement so as to secure to Miller & Co., by way of setoff, an equivalent, in part, for its non-performance. The agreement, if established, subsisted at the time the promise sued on was made. The time for its performance had not then arrived. The promise of Miller & Co. to pay the balance of the proceeds of the Pickett, McMurdo & Co. note, would be presumed to have been made upon the implied understanding that this agreement for the payment of the balance of their claim would be performed. If it had been, Miller & Có. would have been paid the demand which they sought to set off, in full. Ellis & Sturges having failed to perform this agreement, they and those claiming under them are not in a position to insist upon an estoppel which would exact a strict performance from their adversary, and, at the same time, excuse their own default. The latter, if the alleged agreement had been found by the jury, would have opened the supposed estoppel and placed the merits of the controversy upon the real facts of the case.
Whether the defendants below would have the right to set off their prior demand, in the absence of the alleged parol agreement, we do not decide. It is doubtless desired by the parties that we should do so; but, while we are unanimous upon what we do decide we might not be able to agree upon this. It has, therefore, been deemed advisable to pass the question until its decision shall be made necessary by the case before us.
The judgment will be reversed and the case remanded for further proceedings.
*155 Brinkerhoee, C.J., and Scott, Ranney, and Wilder, JJ., concurred.